Richard William **PAYNE**, Appellant,

v.

The **STATE** of Texas, Appellee (two cases).

**Nos. 43946, 43947.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Charles W. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These are appeals for misdemeanor convictions for unlawful possession of amphetamine, a dangerous drug; and unlawfully carrying a pistol. These cases were jointly heard before the court, and a fine of $100.00 and court costs were assessed in each case.[1]

Appellant challenges the sufficiency of the evidence to support both convictions.

The record reflects that on July 26, 1969, at approximately 7:00 P.M., Sergeant V. D. Monaghen received information from a reliable and confidential informant that two men, whom the informant identified as McKelvy and appellant, would be attempting to sell stolen pistols "at Kip's Drive In on Gaston". The informant also related that these men would be driving a white 1965 Cadillac bearing Texas license number LRW 50.

Sergeant Monaghen, accompanied by Sergeant T. E. Williams (who was the only witness that testified in the cases at bar), proceeded immediately to that location where they observed the described car. McKelvy was driving the automobile, and appellant was seated in the right front seat.

The officers stopped the car and conducted a search thereof. Three pistols were found in a cooler on the back seat, and a "penny matchbox" containing dexamyl was found on the driver's side of the front dashboard.[2]

We will first determine whether the evidence is sufficient to support the conviction for unlawfully carrying a pistol. With regard to this question, the record reveals: (1) that the police had information from a confidential informant that appellant possessed and was selling pistols; and (2) that pistols were found in a cooler on the back seat of the car in which appellant was a passenger.

█ The information given to the police by the confidential informant is hearsay. E. g. Barber v. State, Tex.Cr.App., 481 S. W.2d 812 (1972); Figueroa v. State, Tex. Cr.App., 473 S.W.2d 202; Vara v. State, Tex.Cr.App., 466 S.W.2d 315; Rosales v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex.Cr.App., 395 S.W.2d 628. Hearsay information in this case is without probative value and cannot be considered in determining the sufficiency of the evidence to support a conviction. Reynolds v. State, (No. 44,841 5-3-72); Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Salas v. State, Tex.Cr.App., 403 S.W. 2d 440; O'Beirne v. State, Tex.Cr.App., 365 S.W.2d 787; Pitcock v. State, 168 Tex. Cr.R. 223, 324 S.W.2d 866; Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128.

█ The remaining evidence shows that appellant was a passenger in a car in which pistols were found in a cooler on the rear seat. The record is devoid of any competent evidence which would show that appellant knew or should have known of the presence of the pistols,[3] that the pistols were in plain view,[4] or that these were

---

1. On October 20, 1971, the appeals in these cases were dismissed for want of a proper and timely sentence. Payne v. State, Tex.Cr.App., 471 S.W.2d 815. The record reflects that appellant is now properly before this court.

2. Stipulations were made that the vehicle in question was registered to one Bobby G. Davis, that there was a proper chain of custody for the matchbox, and that chemical analysis showed that the matchbox contained "amphetamine—trade name, Dexamyl."

3. See, e. g., Curry v. State, Tex.Cr.App., 465 S.W.2d 154; Lewis v. State, Tex. Cr.App., 439 S.W.2d 351; Courtney v. State, Tex.Cr.App., 424 S.W.2d 440.

4. See, e. g. Curry v. State, supra; Lewis v. State, supra,

conveniently accessible to appellant.[5] The evidence is therefore insufficient to sustain the conviction for unlawfully carrying a pistol.

We also find the evidence insufficient to support the conviction for unlawful possession of amphetamine.

■ Where an accused is charged with the unlawful possession of a narcotic or dangerous drug, two elements must be proven: (1) that he exercised care, control and management over the contraband, and (2) that he knew the object he possessed was contraband. Ramos v. State, Tex.Cr. App., 478 S.W.2d 102; Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541.

■ Possession need not be exclusive, and evidence which shows that the accused jointly possessed the contraband with another is sufficient. E. g. Shortnacy v. State, Tex.Cr.App., 474 S.W.2d 713. Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763. However, proof of mere presence at a place where narcotics are being used or possessed does not, standing alone, justify a finding of joint possession. Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704; Reid v. State, Tex.Cr.App., 474 S.W.2d 702; Culmore v. State, Tex.Cr.App., 447 S.W.2d 915; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56. "Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed." Brown v. State, 481 P.2d 475 (Okl.Cr.1971). Whether the case is tried on the theory of joint or sole possession, the evidence must affirmatively link the accused to the drug he is alleged to have possessed. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739. See also, Shortnacy v. State, supra; Kinkle v. State,

supra; Reid v. State, supra; State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968); State v. Oare, 249 Or. 597, 439 P.2d 885 (1968); State v. Faircloth, 181 Neb. 333, 148 N.W.2d 187 (1967); State v. Callahan, 77 Wash.2d 27, 459 P.2d 400 (1969).

■ The state bears the burden of establishing, by competent evidence, the affirmative link between the accused and the contraband. Compare, Reid v. State, supra, with Haynes v. State, supra. See also Shortnacy v. State, supra; Martinez v. State, supra. For example, an accused may be linked to the contraband by evidence showing that he had sole access to the place where the contraband is found. Evans v. State, Tex.Cr.App., 456 S.W.2d 911; King v. State, 169 Tex.Cr.R. 34, 335 S.W.2d 378; De Leon v. State, 164 Tex. Cr.R. 48, 297 S.W.2d 140. Moreover, the defendant's actions toward the contraband or the police may demonstrate his intent to violate the statute. Alaniz v. State, Tex. Cr.App., 458 S.W.2d 813; Spriggins v. State, Tex.Cr.App., 372 S.W.2d 676; Massiate v. State, Tex.Cr.App., 365 S.W.2d 802; Gomez v. State, Tex.Cr.App., 365 S. W.2d 165; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W.2d 955; Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610.

■ In the instant case, the evidence shows only that dexamyl was found in a matchbox located on the left side of the dashboard of a car in which appellant was a passenger. Under the above cited authorities, this evidence is insufficient to support the conviction for unlawful possession of a dangerous drug.

Finding the evidence insufficient to support the convictions, the judgments are reversed and the causes remanded.

---

5. See, e. g., Courtney v. State, supra; Salas v. State, supra; Wagner v. State, 80 Tex.Cr.R. 66, 188 S.W. 1001.