**Willis Elbert HARVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45253.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Howard D. Pattison, Dallas (by appointment), for appellant.

Henry Wade, Dist. Atty., Catharine T. Hill, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of marihuana where the penalty was assessed at life imprisonment by the court following a verdict of guilty.

At the outset we are confronted with a challenge to the sufficiency of the evidence to sustain the conviction.

Officer Cannaday of the Dallas Police Department testified that on November 23, 1970 he and Officer Johnson observed a speeding Cadillac automobile. The vehicle was pursued and stopped by Officer Johnson prior to Cannaday's arrival. The driver gave them a driver's license bearing the name of the appellant and, upon checking with headquarters, they learned appellant was wanted on "a federal warrant." Subsequently, they learned the driver was not the appellant and he was released. On November 24, 1970, having obtained pictures of the appellant, the officers began searching for the appellant in the same general neighborhood where the Cadillac had been stopped.

Cannaday testified that about 2:15 p. m., he observed the appellant in the back seat of a 1964 Lincoln Continental automobile and gave chase and that, while being pursued, the appellant tried "to scoot down in the back seat" and "leaned forward in the seat as if he were placing something on the floorboard or under the front seat." After stopping the car, the officer had the driver Jackson and the appellant step from the car and he searched them. Having received information that appellant possessed a firearm, Cannaday searched the area in the automobile where the appellant had been sitting and found two needles with holders and two eyedropper syringes, a metal spoon, a pair of tweezers, a needle and two needle holders, a woman's hose, a rag and a paper sack. After the discovery of these items, Cannaday rolled up appellant's sleeves and found a blood spot on his left arm.

Subsequently, Officer Johnson arrived, searched the car again and found a Kleenex box on the dashboard directly in front of the driver's seat. Inside such box was a matchbox which contained a green vegetable substance.

Officer Johnson generally corroborated Cannaday's testimony. He did relate, without objection, that while searching for the appellant on November 24th, a citizen had informed him and Cannaday that the appellant had just run behind a nearby grocery store "and the housing project and the house across the fence." Returning to their patrol cars, the officers continued their search and, subsequently, Johnson received the report that Cannaday was in pursuit of the Lincoln Continental. Johnson testified that he arrived on the scene of the arrest before Cannaday had removed Jackson and the appellant from the car.

The chain of custody of the green vegetable substance was established and the chemist, Dr. Morton, testified the substance was 1.717 grams of marihuana.

Appellant called his sister-in-law, who testified that on November 24, 1970, the appellant, who had returned from California two or three weeks earlier, was at her house at 2 p. m. when Perry Jackson, whom neither she nor the appellant knew, came by looking for a man named Woods; that when Jackson left, the appellant asked him for a "ride up on Hancock" and Jackson agreed; that when he left, the appel-

lant had no paper bag, matchbox, etc. The arrest took place at approximately 2:15 p.m.

We must determine from these facts whether the same is sufficient to show possession of the marihuana in the appellant. Whatever other offense he may have been guilty of, the charge here is possession of marihuana.

The proper disposition of the instant case is controlled by Payne v. State, 480 S.W.2d 732 (Tex.Cr.App.1972), wherein, as here, the contraband was found in a box "located on the left side of the dashboard of a car in which appellant was a passenger." In holding the evidence insufficient, the court wrote:

"Possession need not be exclusive, and evidence which shows that the accused jointly possessed the contraband with another is sufficient. E. g. Shortnacy v. State, Tex.Cr.App., 474 S.W.2d 713. Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763. However, proof of mere presence at a place where narcotics are being used or possessed does not, standing alone, justify a finding of joint possession. Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704; Reid v. State, Tex.Cr.App., 474 S.W.2d 702; Culmore v. State, Tex.Cr.App., 447 S.W.2d 915; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56. 'Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed.' Brown v. State, 481 P.2d 475 (Okl.Cr.1971). Whether the case is tried on the theory of joint or sole possession, the evidence must affirmatively link the accused to the drug he is alleged to have possessed. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739. See also, Shortnacy v. State, supra; Kinkle v. State, supra; Reid v. State, supra; State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968); State v. Oare, 249 Or. 597, 439 P.2d 885 (1968); State v. Faircloth, 181 Neb. 333, 148 N.W.2d 187 (1967); State v. Callahan, 77 Wash.2d 27, 459 P.2d 400 (1969)."

See also Hausman v. State, 480 S.W.2d 721 (Tex.Cr.App.1972). Cf. Adair v. State, 482 S.W.2d 247 (Tex.Cr.App.1972).

Payne also noted that the State bears the burden of establishing, by competent evidence, the affirmative link between the accused and the contraband with which he is charged of possessing.

In State v. Carr, 8 Ariz.App. 300, 445 P.2d 857, 859 (1968), the Arizona Court said:

"The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. Carroll v. State, supra."

See also State v. Oare, 249 Or. 597, 439 P.2d 885 (1968); Haynes v. State, 475 S.W.2d 739 (Tex.Cr.App.1971).

Since mere proximity, mere presence at the place where the narcotic is found is insufficient to show possession, we must determine in the instant case if there are other additional independent factors which affirmatively link the appellant to the marihuana with which he is charged of possessing.

The record reflects that the appellant was seated in the right rear seat of the automobile, opposite that of the driver. The marihuana was found on the dashboard directly in front of the driver's seat where Jackson had been sitting when the vehicle was stopped. The contraband was

in a matchbox which was hidden in a large Kleenex box. Neither officer ever observed either box in appellant's actual possession nor were appellant's fingerprints found on either box. The officers did not testify that they smelled marihuana odor or smoke nor that, in their opinion, either Jackson or the appellant was under the influence of marihuana. No test for dustings was conducted and, when asked if he had checked the ownership of the car, Officer Johnson replied that he had not, nor could he give the license number although he revealed the car had been impounded. There is no testimony save that of the appellant's as to the length of his acquaintance with Jackson.

It is, of course, true that, as the officer approached, the appellant made furtive gestures. These were in the area where the narcotic paraphernalia was found. A blood spot was observed on one of appellant's arms. The State attempted to elicit from one of the officers that such paraphernalia could be utilized to "shoot marihuana." The officer replied that such was not the common practice although it might be possible. The State then went further and introduced testimony that the paraphernalia contained residue of heroin, not marihuana.

The question here is whether the appellant is guilty of possession of marihuana, not whether he may have been guilty of some other offense or was a bad character generally.

The record is devoid of any competent evidence which would have shown that the appellant knew or should have known of the presence of the marihuana; that the marihuana was in plain view, or even that the marihuana was conveniently accessible to the appellant.

Finding the evidence insufficient, the judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.