Dennis Wade HAHN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46817.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Jesse Holloway, Abilene, for appellant.

Ed. Paynter, Dist. Atty., and Patricia A. Elliott, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant appeals from a conviction of unlawful possession of marihuana in a trial before the court without a jury. Punishment was assessed at two years, probated.

In his first ground, appellant challenges the sufficiency of the evidence to support the conviction.

Officers Deal and Hood of the Texas Department of Public Safety testified that while they were on patrol in the neighborhood of Merkel, Taylor County, a car passed them on Interstate Highway 20 with its muffler making an unusually loud noise. As the officers started after the car, the latter increased its speed to 85 miles per hour in a 70 mile zone. In a short while the car stopped and the officers drove up beside it. Appellant, who had a Texas operator's license, was driving the speeding car with two hitchhikers as passengers. Appellant showed the officers his Texas driver's license, and told Deal and Hood that he was a Marine on leave from his base in South Carolina, and had borrowed the car from a friend there to drive to his home in Odessa. Since the car had an out

of state license, the officers gave him a ticket for speeding and told him to follow them to the justice of the peace office in Merkel, to pay a fine for speeding or post bond.[1]

At the office of the justice of the peace, Officer Deal asked appellant if he had anything with him to prove his authority to use the out of state automobile. Appellant got back in the car and opened the console between the front (bucket) seats. As he did this, Officer Deal, who was standing beside the front door, saw a brass pipe in the console, and a bayonet in a scabbard riveted to the dashboard to the right of the steering column. The pipe was recognized by Deal as being the type used for smoking marihuana. Deal saw what appeared to be marihuana residue in the pipe. Officer Hood, on the other side of the car, saw Deal pick up the pipe, which he also recognized as a type used for smoking marihuana and, looking in the car, saw the bayonet and a knife which was sticking out from under the driver's seat. As he reached in and pulled out the knife, a plastic bag came out also. It was shown at the trial by competent evidence that this bag contained 19.26 grams of marihuana, and that the pipe contained .03 grams of burned marihuana residue.

The appellant did not testify; however, a written statement made by him and admitted without objection stated that the hitchhikers riding with him "had no knowledge as to what was in the automobile."

◼ The thrust of appellant's contention under his insufficiency of evidence ground is that the car "did not belong to appellant inasmuch as the automobile was borrowed." He says that the only evidence of possession of the marihuana by appellant is that it was found in a car which appellant was driving. He cites, as his authorities, Payne v. State, Tex.Cr.App., 480 S.W.2d

732, and Harvey v. State, Tex.Cr.App., 487 S.W.2d 75.

Neither of these cases is in point. In *Payne,* the defendant was a passenger in the right front seat of the car driven by one McKelvey and registered to one Davis. In *Harvey,* the defendant was seated in the right rear seat of a car in which marihuana was found on the dashboard immediately in front of the driver. In neither case did the evidence affirmatively link the accused to the drug he was alleged to possess. There was no evidence in either case which would show directly or circumstantially that the accused knew or should have known of the presence of marihuana. Both cases were reversed for insufficiency of the evidence to prove possession.

The proof showed that appellant had driven this car from South Carolina to Texas, a distance of many hundreds of miles. The pipe contained marihuana ashes. The bag of marihuana was under the driver's seat readily accessible to him. The written statement of appellant exonerated the passengers from any responsibility. His looking into the console to find the authority from the owner for his use of the car is circumstantial evidence that he had used the console during the long trip, and knew of its contents. A reasonable conclusion to draw from such statement, as well as the other evidence, is that appellant knew of the presence of the marihuana.

Appellant's first ground of error is overruled.

The second ground is to the effect that the court erred in admitting in evidence, over appellant's objections, evidence found in the search of the automobile.

◼ Appellant points out that the search of the car at the office of the justice of the peace was after the car had been re-

---

1. Deal testified that where the car has an out of state license plate, or the driver an out of state license, the driver is taken to the justice of the peace when arrested, rather than having an appearance date set by the arresting officer.

moved from the site of the original arrest. He relies in part upon the "interrupted search" rule of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. *Preston* held that "once an accused is under arrest and in custody, then a search made at another place without warrant is simply not incident to the arrest." Taylor v. State, Tex.Cr.App., 421 S.W.2d 403. As stated in *Taylor, Preston* did not hold a search without a warrant can be reasonable only if made as incident to an arrest. And in the instant case, as in *Taylor,* where the car had been removed to the courthouse from the scene of the arrest and there searched, "The arrest for the traffic violation was valid, and was merely the beginning of the unraveling of the legal ball of twine."

Since the appellant was driving a car with an out of state license plate, the officers were justified in taking him before a magistrate instead of giving him a notice to appear at some specified later time. Art. 6701d, Sec. 148, Vernon's Ann. R.C.S. Section 148, supra, providing for the issuance by the arresting officers in traffic cases of a notice to appear, does not apply, even in speeding cases, where the vehicle is licensed in a state or country other than Texas. *Taylor,* supra.

When Officer Deal, in the course of his investigations at the justice of the peace office, inquired of appellant if he had any proof of his authority to use the borrowed car, appellant voluntarily got in the car and opened the console. That was when the officers saw in open view the pipe which they recognized as the type ordinarily used for smoking marihuana. They also saw a bayonet and a knife. Officer Hood testified that the reason he searched the car was because he saw the pipe, and that when he saw the weapons, he searched for his own personal safety also.

Under such circumstances, there was probable cause for the warrantless search of the car. In the search the bag of marihuana was discovered. The court properly admitted it in evidence. Jackson v. State, Tex.Cr.App., 489 S.W.2d 565; Aldridge v. State, Tex.Cr.App., 482 S.W.2d 171; Onofre v. State, Tex.Cr.App., 474 S.W.2d 699; Taylor v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.