**Richard E. DABBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47851.**

Court of Criminal Appeals of Texas.

April 3, 1974.

2. This is a copy of the Narcotics Submission and Report form to which objection was made.

## NARCOTICS SUBMISSION AND REPORT

Dallas, Texas
4-25, 1972  //

Submitting Agency
File Number    1A–72–0065

SUSPECT (Full name, sex, and color)  NELSON, Ronald aka "Clyde", Colored Male.

OFFENSE  Possession and Sale of a Narcotic Drug                    Date  4–20 1972
COUNTY OF OFFENSE  Dallas–057

| EXHIBIT NO. | QUANTITY | EVIDENCE SUBMITTED (DESCRIBE FULLY: CIGARETTES, CAPSULES, TABLETS, MARKS, ETC.) | STATE SPECIFIC DRUG SUSPECTED |
|---|---|---|---|
|  |  | One piece of tinfoil containing a white powder |  |
|  |  | substance, alleged Heroin. | If Heroin |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Submitted by  Robert J. Harden  #272                Title  Narcotic Agent 1

Address  P.O. Box 28008, Dallas, Texas  75228

Ramon Dasch, Austin, for appellant.

Robert O. Smith, District Atty., C. E. Clover, Jr., Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of possession of marihuana. The court sentenced him to seven years' imprisonment.

Appellant's first ground of error challenges the sufficiency of the evidence to support the conviction.

The record reflects that on September 3, 1972, James Wolsch and Paul Looney, officers of the Austin Police Department, saw the appellant, with a companion, driving a pick-up truck on Guadalupe Street in Aus-

tin. Wolsch testified that the truck drew their attention because it appeared to have a defective exhaust system. The officers turned around to follow the truck and observed it improperly change lanes. They flashed their lights at the truck and it pulled over into a restaurant parking lot.

Wolsch stated that just before the truck stopped he and Looney observed the driver crouch forward or bend over. When the vehicle did stop, the driver, appellant, stepped from it, leaving the door open, and presented his driver's license to the officers. Wolsch stated that he detected a very strong odor of marihuana coming from the truck and that he saw a hand rolled cigarette lying in the floorboard on the driver's side. He stated that at this point appellant, who had seemed somewhat nervous, became much more upset.

Wolsch then testified that he examined the cigarette and determined that it contained marihuana. This was later confirmed by chemical analysis. He testified that the cigarette paper was clean, although the floorboard was very greasy, and that the cigarette could have retained its clean appearance under those conditions for only a short time.

At trial, the passenger in the truck testified that she had been riding with the appellant about thirty minutes or an hour prior to the arrest, that none of the contraband found in the truck belonged to her, and that she had no knowledge of it. She also stated that she had not seen the cigarette in the floorboard prior to the arrest.

The owner of the truck testified that he had loaned it to appellant about a week earlier and that to his knowledge the truck had remained in appellant's possession until the date of the arrest. He also testified that he and his friends had never smoked marihuana in the truck, that he had never used it to transport contraband, and that he had no knowledge of the drugs [1] found in it.

■ The evidence in this case was sufficient to support the verdict. The appellant had possession of the truck for a week and was driving it at the time of the arrest. The owner denied any connection with or knowledge of the contraband as did the passenger. The arresting officers observed a strong odor of marihuana; the cigarette was found in the floorboard on appellant's side of the truck; and the condition of the cigarette indicated it had been there only a very short period of time. These facts, coupled with appellant's furtive gesture and nervous condition are sufficient evidence of possession. See and compare Harvey v. State, 487 S.W.2d 75 (Tex.Cr.App.1972) and Wilson v. State, 495 S.W.2d 927 (Tex.Cr.App.1973).

■ Appellant also contends that the State was improperly allowed to prove the value of the hashish later found in the truck. Appellant's ground of error urging this contention does not set out the portion of the record wherein such evidence was given. Nothing is presented for review. See Bolding v. State, 493 S.W.2d 186 (Tex.Cr.App.1973); Daley v. State, 491 S.W.2d 932 (Tex.Cr.App.1973); and Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App. 1972) cert. den. 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199.

■ Appellant next argues that the court improperly admitted the opinion of Wolsch as to how long the cigarette had been in the floor of the truck.

Wolsch was allowed to state the following:

"The cigarette appeared to be fresh on the floorboard. If the cigarette or something white, had been on the floorboard

---

I. A subsequent search of the truck at the police pound revealed a six gram cube of a material shown to be hashish.

for a long period of time, it would be dirty."

This statement was merely a shorthand recitation of the facts. See Gardner v. State, 486 S.W.2d 805 (Tex.Cr.App.1972) and cases there cited.

■ Appellant next contends that the court erred in allowing the prosecuting attorney to argue to the jury that they should ". . . teach them a lesson."[2] We note initially that appellant's objection to this argument was not timely.

Further, this argument appears to be comparable to others which have been held to be mere pleas for law enforcement. See Pogue v. State, 474 S.W.2d 492 (Tex.Cr. App.1971) and Hendrix v. State, 474 S.W. 2d 230 (Tex.Cr.App.1971).

■ Lastly, appellant urges that the court should have granted his requested charge, to the effect that the mere presence of the appellant at the place where the drug was found would not be sufficient for conviction.

The court instructed the jury that the term "possession" meant ". . . the actual care, custody, control or management of the item . . .", and charged them that they could not convict unless they found beyond a reasonable doubt that the appellant did possess the marihuana.

By so charging the jury, the court informed them that mere presence at the place where the contraband was found would not be a sufficient basis in the evidence to convict. The court reenforced this instruction with a converse charge, which emphasized to the members of the panel the requirement that there be actual

evidence of possession. This charge afforded the appellant adequate protection. There was no error.

The judgment is affirmed.

2. The entire argument was:
". . . Yesterday, we began the process whereby we intend to initiate law enforcement, whereby we intend to teach this defendant and other defendants like him in Travis County to respect the law. They have not respected it before, and they have chosen to flagrantly violate it.

"Well, I think it is time that we teach them. If they are not going to do it on their own, we are going to have to do it ourselves, to teach them to respect the law." Objection was interposed at this point and overruled.