**James WOOLRIDGE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48750.**

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and George Jacobs, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for unlawful possession of marihuana, a narcotic drug. After the jury returned a verdict of

guilty, the court assessed punishment at five years' confinement.

Appellant challenges the sufficiency of the evidence to support the conviction.

The record reflects that Houston police officer S. W. Shuman, while working off-duty at the Northwest Mall shopping center about 12:00 P.M., November 12, 1971, received information from a Mall maintenance man to look for a described vehicle that was "prowling" the parking area. Shuman observed a vehicle matching the description and pursued the automobile with his personal truck. He testified that he saw co-defendant Grant go to another car, and commence opening the hood, and then return to the suspect vehicle. Shuman then approached the car and identified himself as a police officer. When he saw Grant had a pistol, he drew his own pistol and made Grant drop his pistol. Shuman had both appellant and Grant get out of the car. After a struggle for the officer's gun, Shuman gained control, and then made a cursory inspection of the inside of the vehicle for weapons, and took the appellant and Grant to a Mall security office to call for additional help.

When Officers Taylor and Key arrived, Shuman told them to make a search of the automobile driven by appellant for contraband which might have been stolen from cars in the Mall parking lot. A new battery and tape deck were discovered in the trunk of the car but were not shown to have been stolen. Appellant and Grant were brought by the officers to the Mall parking area near the vehicle and placed in patrol cars to await transportation to jail. Taylor testified that after completing the search, while making out the wrecker slip to remove the vehicle, ". . . one of the defendants called that he had a watch left in the car that was valuable and he would like to have it." Taylor returned to the car, saw a watch on the console between the front seats, and, when reaching for the watch, noticed some tape underneath the glove compartment. He removed the tape and discovered thirteen matchboxes which contained what he believed to be marihuana. Taylor testified that the objects taped under the glove compartment would not be visible to a person sitting in the passenger's or driver's seat.

The owner of the automobile driven by appellant, Linda Perkins, testified she turned her vehicle over to appellant for him to perform mechanical repair work at about 7:30 A.M. on the day in question. She testified that she did not lock her car at work where it was normally parked on a large lot, that she sometimes did not lock the car at night, and that her brother occasionally used the car. She also testified that she neither put nor saw the marihuana in her automobile. In response to a question by the State, Perkins testified that she had never before had anything "planted" in her car.

Co-defendant Grant testified to a different version of the arrest and struggle in the parking lot with Shuman, and denied knowledge of the marihuana. Appellant did not testify.

The case was submitted to the jury under a charge of circumstantial evidence. Co-defendant Grant was found not guilty.

■ Since the accused is charged with the unlawful possession of a narcotic, the State must prove that he exercised care, control and management over the object and that he knew the object he possessed was contraband. E. g., Payne v. State, Tex.Cr.App., 480 S.W.2d 732; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541. The mere presence of the accused at a place where narcotics are found does not of itself show possession. E.g., Harvey v. State, Tex.Cr.App., 487 S.W.2d 75; Valdez v. State, Tex.Cr.App., 481 S. W.2d 904. See United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210. Additional independent facts and circumstances must be established to prove the accused's knowledge and control of the

marihuana. E. g., Barnes v. State, Tex. Cr.App., 504 S.W.2d 450; Wright v. State, Tex.Cr.App., 500 S.W.2d 170; Valdez v. State, supra; Harvey v. State, supra; see, 92 A.L.R. 810.

This Court upheld the conviction of the bailee-driver of a truck for possession of marihuana where the evidence sufficiently connected the defendant to the marihuana. Dabbs v. State, Tex.Cr.App., 507 S.W.2d 567. In *Dabbs,* the defendant had driven the truck for about a week. The arresting officers detected a strong odor of marihuana. A marihuana cigarette was found on the floorboard on the driver's side and the condition of the cigarette indicated it had been on the floorboard only a short time. The defendant made furtive gestures upon his arrest.

The State relies on Hahn v. State, Tex. Cr.App., 502 S.W.2d 724, where the driver of a borrowed car was stopped for speeding and marihuana was found under the driver's seat and in the console. This Court upheld the conviction in *Hahn* where the proof showed substantial evidence affirmatively linking the driver-bailee to the marihuana found in the car. The driver had traveled over hundreds of miles on a trip from South Carolina to Texas. The bag of marihuana was under the driver's seat, immediately accessible to the driver. Upon being arrested, the driver looked into the console for authority from the owner for his use of the car, from which it could be inferred that he had used the console during the trip and knew of its contents.

In this case, the record does not contain evidence linking the appellant to the marihuana found in the car he had borrowed. The marihuana was not discovered in plain view. On the contrary, it required three inspections of the vehicle before the police discovered the contraband. No odor of marihuana was present, nor were seeds, papers, or particles found on the appellant. Cf. Powell v. State, Tex. Cr.App., 502 S.W.2d 705. Upon his arrest, appellant made no "furtive" gestures. In fact, one of the defendants requested that the police return to the vehicle after it had been searched to retrieve a watch. The evidence does not show any connection between the appellant and the glove compartment area of the vehicle.

Regardless of what other crimes the appellant may have committed, we are only concerned here with the sufficiency of the evidence to support his conviction for possession of marihuana and find it to be insufficient.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.