Stanley Craig TERRILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 51039.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

James P. Finstrom, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty. and Maridell Templeton and John Roach, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Appellant was charged with the possession of a usable quantity of marihuana in an amount of less than two ounces. In a trial to the court he was found guilty and his punishment fixed at confinement in jail for thirty days.

His first ground of error challenges sufficiency of the evidence to support the conviction, the thrust of the argument being that the State failed to show that he exercised care, control and management over the marihuana and that he knew it was contraband.

Upon the date in question, at approximately 2:16 a. m., Irving Police Officer Taylor, along with another officer, was investigating a suspected hit and run vehicle then upon an apartment complex parking

lot. A vehicle driven by appellant entered the parking lot and the officers became suspicious of the actions and gestures of the occupants of appellant's vehicle which left immediately upon seeing the officers. The officers pursued appellant's car and it was stopped some distance from the apartment complex, one of its passengers having left the vehicle before it was stopped.

When Officer Taylor came to the car, appellant was standing outside near the open left front door. In response to Taylor's question, appellant stated that he owned the vehicle which he had been driving. While the door was open, Taylor observed a matchbox partially open lying upon the floor near the left front seat of the car. The greenish vegetable contents of the box caused him to suspect the contents to be marihuana. It was at this time that appellant was arrested for possession of marihuana.

A subsequent check of the car registration showed it to be owned by one "Terrill" but Officer Taylor did not remember the first name of the registrant. The State established that the box contained marihuana. Appellant did not testify upon the guilt/innocence phase of the trial.

■ Although appellant complains of the admission of his statement to the officers concerning his ownership of the automobile, we find that such statement was not made as the result of a custodial interrogation but was elicited during the investigatory process before arrest. See *Williams v. State*, 524 S.W.2d 705 (Tex.Cr.App.1975).

■ Appellant's reliance upon *Harvey v. State*, 487 S.W.2d 75, 77 (Tex.Cr.App.1972), is misplaced. Appellant was not a mere passenger in the vehicle; he was the owner and in control thereof and of its contents which were located in a spot accessible only to himself. We find the evidence sufficient to support the conviction. *Aldridge v. State*, 482 S.W.2d 171, 174 (Tex.Cr.App. 1972); *Sanders v. State*, 482 S.W.2d 648, 651 (Tex.Cr.App.1972). Ground one is overruled.

■ In his second ground of error, appellant contends that the evidence is insufficient to sustain the conviction in that it does not show a usable quantity of marihuana as that term is defined in the statute. The matchbox contained 1.48 grams or .05 ounces of marihuana and the expert witness testified that this was a usable quantity; and, leaving the seeds out of the calculated weight of the marihuana, it would still amount to more than two-tenths of a gram and could be made into two or three cigarettes or could be smoked in a pipe. The chemist made no effort to determine whether or not the seeds were or were not incapable of germination. Sec. 1.02(17), Texas Controlled Substances Act, Art. 4476–15, V.A.C.S., 1974–1975 Pamphlet Supplement.

The State's proof that the box contained 1.48 grams of marihuana was sufficient to show an offense. See *Parson v. State*, 432 S.W.2d 89, 91 (Tex.Cr.App.1968), where the evidence showed the vial contained 1.41 grams of marihuana. See also, *Mitchell v. State*, 482 S.W.2d 223, 225 (Tex.Cr.App. 1972). Cf. *Taylor v. State*, 505 S.W.2d 927, 929 (Tex.Cr.App.1974).

Ground two is overruled and the judgment of the trial court is affirmed.

Opinion approved by the Court.