James G. PRESSWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 52876.

Court of Criminal Appeals of Texas.

March 9, 1977.

Rehearing Denied April 6, 1977.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Joe McNeff, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of possessing a usable quantity of marihuana of less than two ounces. The punishment, assessed by the court, was a fine of $150.

The appellant contends that the evidence was insufficient to establish his unlawful possession of the marihuana. We agree and reverse.

Dallas police officer R. A. Keesy testified that he observed the automobile appellant was driving make an erratic change of lanes at approximately 8:50 p. m. on April 24, 1974. Appellant then drove into the parking lot of a liquor store. Officer Keesy followed the automobile into the parking lot, approached the automobile, and asked appellant for his driver's license. As Officer Keesy was approaching, the appellant got out of the automobile. Keesy observed a rifle on the floorboard of the car. The officer removed the rifle from the automobile and took the appellant back to his police car. Officer Keesy radioed for assistance and Officer James Kuhn arrived shortly thereafter.

As Officer Keesy and Officer Kuhn were questioning the appellant in the police car, Keesy observed the passenger act "as if he were hiding something underneath the front seat." Keesy then brought the passenger back to the police car. He then searched the automobile and found a pistol underneath the front seat. Officer Keesy then arrested the appellant and his passenger for unlawfully carrying a pistol. A wrecker was called to tow the automobile.

Officer Kuhn then went back to the automobile and continued searching it. Inside the glove compartment of the automobile, he found two plastic bags of marihuana wrapped inside of a bank bag. Officer Kuhn brought the marihuana back to the police car. The officers then questioned the appellant and his passenger, saying, "Whose is it?" The court overruled appellant's objection to the testimony of his answer: "Both of them are mine. My buddy doesn't know anything about them," on the grounds that the answer was "res gestae."

Appellant's statement may not be used to prove that he knowingly possessed the marihuana. The record does not reflect that he was properly advised of his constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Article 38.22, V.A.C.C.P. His statement did not lead to the discovery of evidence tending to establish his guilt. Article 38.22, Sec. 1(e), V.A.C.C.P. There was no predicate laid to show that this statement was a spontaneous utterance. Article 38.22, Sec. 1(e), supra.

The only evidence in the record tending to establish possession was merely that the appellant was the driver of the automobile at the time Officer Keesy approached it. The record does not reflect how long the appellant was in possession and control of the automobile, nor does it show to whom the automobile belonged. The marihuana was found wrapped inside a bank bag which was in the glove compartment of the automobile. There was no marihuana found on either the appellant or his passenger. There is no testimony indicating that either the appellant or his passenger was under the influence of marihuana. Neither Officer Keesy nor Officer Kuhn testified that they smelled the odor of marihuana in or around the automobile.

"Where there is an absence of direct evidence that the accused was in exclusive possession of a narcotic, then possession, if any, must be proved by circumstantial evidence. (Citation)." *Abercrombie v. State*, 528 S.W.2d 578, 587 (Tex.Cr.App.1974, On State's Motion for Rehearing). We do not feel that the circumstances presented exclude to a moral certainty every other reasonable hypothesis except that of the appellant's own unlawful possession. "Certainly,

it is not unreasonable to assume that marihuana had been possessed at some earlier point in time by a person or persons occupying that automobile." *Taylor v. State*, 505 S.W.2d 927, 929 (Tex.Cr.App.1974).

This case resembles that of *Woolridge v. State*, 514 S.W.2d 257 (Tex.Cr.App.1974). In that case we held that the evidence failed to show any connection between the defendant and the glove compartment area of the borrowed vehicle he was driving. Admittedly, the record in the instant case does not affirmatively reflect that the appellant's automobile was a borrowed one. However, it does not affirmatively reflect that he owned the automobile either. In *Woolridge*, the marihuana was found in the glove compartment, as in the instant case. The police inspected the vehicle several times before they found the marihuana, as in the instant case; no odor of marihuana was present, nor were seeds, papers or particles of marihuana found on the defendant, as in the instant case.

In *Harvey v. State*, 487 S.W.2d 75 (Tex. Cr.App.1972), we held that the evidence was insufficient to establish the defendant's possession of the marihuana because the record was ". . . devoid of any competent evidence. which would have shown that the [defendant] knew or should have known of the presence of the marihuana; that the marihuana was in plain view, or even that the marihuana was conveniently accessible to the [defendant]." *Id.*, at 78.

In *Harvey*, the defendant was seated in the right rear seat of the automobile. The marihuana was found on the dashboard directly in front of the driver's seat where a person by the name of Jackson had been sitting when the vehicle was stopped. The contraband was in a matchbox which was hidden in a large Kleenex box. The officers that testified never observed either box in defendant's possession, nor were defendant's fingerprints found on either box. The officers did not testify that they smelled marihuana odor or smoke nor that, in their opinion, either Jackson or the defendant was under the influence of marijuana. Ownership of the vehicle was not estab-

lished although the car had been impounded.

■ Discounting appellant's admission of possession, as we must, we do not feel that the State has sustained their ". . . burden of establishing, by competent evidence, the affirmative link between the accused and the contraband." *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Cr.App.1972); *accord, Armstrong v. State*, 542 S.W.2d 119 (Tex.Cr.App.1976).

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

Judge Dally, a commissioner for this Court, submitted an opinion affirming this conviction. Omitting some of the discussion not pertinent to answering the majority, his opinion is adopted in substance as follows:

"While Officer Keesy and Officer Kuhn were questioning the appellant in the police car, Keesy saw the passenger in the appellant's automobile bend over out of sight 'as if he was hiding something underneath the front seat.' Officer Keesy removed the passenger from the automobile and patted him for weapons. After the officer placed the passenger in the police car he searched the automobile and found a pistol underneath the front seat. The officer placed both men under arrest for unlawfully carrying the pistol, then called a wrecker to tow the automobile.

"Officer Kuhn testified that he went back to the automobile to continue the search. Officer Kuhn found two plastic 'baggies' of marihuana inside a bank bag which was in the glove compartment of the automobile. Officer Kuhn brought the marihuana back to the police car. Officer Keesy said that '[w]e'd already given both defendant's, both gentlemen their rights and just put a question out, saying, "Whose is it?"' Appellant objected that the statement would be hearsay and an inadmissible oral confession. The court overruled his objection stating that the statement was 'res gestae.' Thereafter, the officer was

permitted to testify that the appellant answered, 'Both of them are mine. My buddy there doesn't know anything about them.'

"The record does not show that the appellant was properly advised as to his constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Article 38.22, V.A.C.C.P. Further, since appellant's statement did not lead to the discovery of any evidence conducing to establish guilt, it would be admissible under Article 38.22, Section 1(f), V.A.C.C.P. The State made no effort to lay a proper predicate to show that appellant's statement was a spontaneous utterance. See Article 38.22, Section 1(f), supra. *Smith v. State*, 514 S.W.2d 749 (Tex.Cr.App.1974). Cf. *Brown v. Beto*, 468 F.2d 1284 (5th Cir. 1972). Therefore, appellant's statement may not be used to prove that he knowingly possessed the marihuana.

"To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.1972); 57 A.L.R.3d 1314; *Ramos v. State*, 478 S.W.2d 102 (Tex.Cr.App.1972).

"Possession need not be exclusive, and evidence which shows that the accused jointly possessed the contraband with another is sufficient. However, proof of mere presence at a place where contraband is being used or possessed does not, standing alone, justify a finding of joint possession. 'Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed.' *Brown v. State*, 481 P.2d 475 (Okla.Cr.1971). Whether the case is tried on the theory of joint or sole possession, the evidence must affirmatively link the accused to the drug he is alleged to have possessed. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control. *Hernandez v.*

*State*, supra; *Payne v. State*, supra; *Harvey v. State*, 487 S.W.2d 75 (Tex.Cr.App. 1972); *Ochs v. State*, 543 S.W.2d 355 (Tex. Cr.App.1976); Annot., 57 A.L.R.3d 1319 (1974).

"Appellant contends that the evidence is insufficient to show that he possessed the marihuana because mere presence at the scene of the crime or at the place where the contraband is found is insufficient to prove he possessed the marihuana. However, appellant was not merely present in the automobile, but was the driver in possession and control of the automobile. * * * [T]he evidence is sufficient to support the conviction. *Terill v. State*, 531 S.W.2d 642 (Tex. Cr.App.1976); *Aldridge v. State*, 482 S.W.2d 171 (Tex.Cr.App.1971); *Dabbs v. State*, 507 S.W.2d 567 (Tex.Cr.App.1974); *Hernandez v. State*, supra; *Duff v. State*, [Tex.Cr. App.] [546] S.W.2d [283] (No. 51,681, on motion for rehearing, January 19, 1977); [*State v. Wikum*] *Wikum v. State*, [6 Or. App. 405] 488 P.2d 815 (Or.App.1971); *Corrao v. State* [154 Ind.App. 525], 290 N.E.2d 484 (Ind.App.1972)."

The judgment should be affirmed.

ODOM, J., joins in this dissent.