Lazaro C. BALTAZAR, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–094–CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1982.

Knox Jones, J. Roberto Rodriguez, McAllen, for appellant.

Robert J. Salinas, Crim. Dist. Atty., Edinburg, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of possession of cocaine. In his first ground of error appellant contends that the evidence is insufficient to support that conviction. We agree.

On January 6, 1980, police officers in McAllen received information from an informant that appellant had been selling expensive rings which they believed to have been stolen in a recent robbery of a local jewelry store. They were told that appellant had been conducting this activity in local bars. That evening, while appellant was in the Golden Cue, a bar, officers were waiting outside. After appellant exited the Golden Cue with a female companion and they drove off together, the informant told the officers that appellant had "the merchandise." The officers followed appellant for several blocks before stopping the vehicle which he was driving. Upon appellant's disembarking from the automobile, a pat-down search of his person was conducted which revealed a sizeable amount of cash and betting slips for an upcoming football game. A search of the car at the scene produced nothing germane to this case. Appellant was placed under arrest for possession of gambling paraphernalia. The vehicle was impounded and taken to the police station. During a search there, a substance identified as cocaine was found in an envelope in a kleenex box on the dashboard.

■ When the accused has been charged with unlawful possession of a narcotic or dangerous drug, the State must prove that he exercised care, control and management over the substance, and that he knew that what he possessed was contraband. E.g., *Woolridge v. State*, 514 S.W.2d 257, 258 (Tex.Cr.App.1974); *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Cr.App.1972). Mere presence at the scene does not justify a finding of possession. *Woolridge*, supra; *Payne*, supra.

"Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed. [Citation omitted.] Whether the case is tried on the theory of joint or sole possession, the evidence must *affirmatively link* the accused to the drug he is alleged to have possessed. [Citations omitted.]" *Harvey v. State*, 487 S.W.2d 75, 77 (Tex.Crim. App.1972) (emphasis supplied).

■ Although these "affirmative links" may be proved by circumstantial evidence, id., when such is the case, the evidence must be sufficient to disprove the outstanding hypothesis of possession by others. *Brock v. State*, 162 Tex.Cr.R. 339, 285 S.W.2d 745, 747 (1956). Proof amounting only to a mere probability or a strong suspicion will not do. Id.

■ In the instant case, there was no evidence regarding ownership of the car which appellant was driving at the time of his arrest. See *Presswood v. State*, 548 S.W.2d 398, 400 (Tex.Cr.App.1977) (wherein the conviction for possession of marijuana

found in the car being driven by defendant was reversed). Nor was there any evidence as to how long the vehicle had been in appellant's possession. See *Hahn v. State,* 502 S.W.2d 724, 725 (Tex.Cr.App.1973) (where the fact that defendant had borrowed a car in South Carolina and driven it to Texas was considered in light with several other factors). The only period of time about which there is evidence of appellant having custody and control of the premises in which the contraband was found related to the several blocks he drove from the Golden Cue to where he was stopped. There was nothing to indicate that he had sole access to the auto, *Payne,* supra, at 734; nothing to indicate that he was under the influence of the drug at the time of his arrest, *Presswood,* supra, at 400; no other quantity of the substance was found on appellant's person, *Powell v. State,* 502 S.W.2d 705, 709 (Tex.Cr.App.1974); no evidence of appellant's fingerprints being found on the envelope in which the cocaine was discovered, *Harvey,* supra, at 78.

It is true that the area of the automobile in which the substance was found, i.e., on the dashboard, was convenient to appellant and rendered it readily accessible to him. *Hahn,* supra, at 725. See *Presswood,* supra, at 400. This one circumstantial link, however, is not sufficient. We do not feel that the circumstances presented exclude with any degree of certainty every other reasonable hypothesis except appellant's own unlawful possession. *Presswood,* supra, at 399; *Brock,* supra, 285 S.W.2d at 747.

The State having failed in maintaining its burden of proof regarding possession, we hold that the evidence is insufficient to support appellant's conviction. E.g., *Presswood,* supra; *Woolridge,* supra; *Payne,* supra. The judgment is REVERSED, and the prosecution ordered dismissed. *Nathan v. State,* 611 S.W.2d 69, 79 (Tex.Cr.App.1981).