Claudell Everett SCOTT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 54320.

Court of Criminal Appeals of Texas,
Panel No. 3.

April 19, 1978.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Richard Bax, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for carrying a handgun. Punishment was assessed by the court at 60 days in jail.

On February 12, 1976, the appellant was stopped while driving a 1976 Cadillac by Houston Police Officers D. R. Sneed and L. V. Strebeck. Officer Sneed testified that appellant was stopped for a "routine driver's license check." After the car was stopped, Sneed approached the passenger's side while Strebeck approached the driver. Appellant was asked for, and produced, his driver's license. While Strebeck was checking on the appellant, Sneed testified he was observing the passenger. Sneed observed the passenger "with what seemed to be a bottle in his left hand" which he seemed "to be placing in . . . the arm rest." Sneed asked the passenger to step from the car, then raised the arm rest and "found a bottle of Robitussin." Sneed placed the passenger under arrest, searched him, and placed him in the patrol car for possession of Robitussin. After the passenger was under arrest, Sneed "went back to my partner. . . . We decided to check outstanding traffic warrants on" the appellant.

**760**

The check revealed that appellant had "one open traffic warrant." The officers then "placed [appellant] under arrest, searched him, then placed him in the patrol car, went back to his vehicle and made a routine search." The search revealed a .38 caliber pistol in the glove compartment of the car. Sneed then returned to the patrol car and asked who the pistol belonged to. Over a timely objection, the court allowed Sneed to testify that appellant answered that it was his.

Appellant complains that "The trial court erred in admitting evidence of statements made by the Defendant while under arrest."

The State urges that "Appellant's answer to the officer's inquiry was clearly res gestae."

■ In determining whether statements are admissible as res gestae, each case must be considered on its own merits. *Patterson v. State*, 458 S.W.2d 658 (Tex.Cr.App.)

We find the State's reliance on *Harryman v. State*, 522 S.W.2d 512 (Tex.Cr.App.), to be misplaced. In that case, this Court found the defendant's statement made while his person was being searched following arrest, "You know what it is. It is heroin," in response to the officer's question, "What is that?" to be admissible as res gestae of the arrest. In the instant case, the appellant had been arrested under a traffic warrant, his person searched, and placed in the police car before the search of the vehicle ever took place which resulted in the finding of the gun.

While the lapse of time between arrest and the inquiry which evoked the response is not shown, the record reflects the foregoing events transpired in the interim.

■ The record does not show that the appellant was properly advised as to his constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Article 38.22, V.A.C.C.P. Further, since appellant's statement did not lead to the discovery of any evidence conducing to establish guilt, it would be inadmissible as an oral confession under Art. 38.22, V.A.C.

C.P. See *Chase v. State*, 508 S.W.2d 605 (Tex.Cr.App.); *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.); *Young v. State*, 547 S.W.2d 556; *McGilvery v. State*, 533 S.W.2d 24 (Tex.Cr.App.).

■ There is no showing in the record that appellant was excited or emotionally stimulated or in the emotional grip of any shocking event so as to render the incriminating statement of appellant a spontaneous utterance. See *Smith v. State*, 514 S.W.2d 749 (Tex.Cr.App.); *Graham v. State*, 486 S.W.2d 92 (Tex.Cr.App.). We conclude that the statement in question, made at a time while appellant was under arrest and in response to the officer's inquiry, was not admissible as res gestae of either the offense or of the arrest, was inadmissible, and constitutes error which requires reversal. See *Newberry v. State*, 552 S.W.2d 457 (Tex.Cr.App.); *Presswood v. State*, 548 S.W.2d 398 (Tex.Cr.App.).

The judgment is reversed and the cause remanded.