O.B. SIMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–087–CR.

Court of Appeals of Texas, Austin.

Oct. 20, 1982.

---

466

Roy E. Greenwood, Austin (court-appointed), for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and EARL SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at life imprisonment on enhancement by two prior convictions. Appellant's court-appointed counsel asserts in six grounds of error that the trial court erred (1) in refusing to exclude evidence seized as result of an allegedly improper search; (2) in refusing to suppress oral incriminating statements made at arrest; (3) in denying a

motion for mistrial based upon unresponsive opinion testimony of the arresting officer; (4) in denying the motion to suppress a prior conviction in the punishment stage because appellant did not have counsel in prior probation revocation proceeding; (5) in granting the State's motion in limine to prevent the defense from informing the jury of the results of their punishment verdict; and (6) in failing to charge the jury that their affirmative findings would mandate a life sentence.

At 11:45 A.M. on May 23, 1980, appellant entered the Southside Savings & Loan Association in Austin, Texas, and asked the loan officer about the "radius of his loans." Becoming suspicious, the loan officer wrote down the license number of appellant's green pickup truck and instructed a fellow employee to check the number with the DPS and the Austin police department. Less than an hour after appellant left, he returned wearing different clothing and carrying a brief case.[1] After drawing a gun and demanding money, he forced two employees to lie on the floor while he obtained $800.00 in cash, some of which were marked as "bait money" with serial numbers kept on file. The employees called the police, and the police dispatcher broadcast a description of the suspect and his vehicle. One of the police officers who responded to the call noticed a pickup truck with the same license plate number as broadcast parked by an apartment complex. A witness told the officer he had seen a black male run towards a vacant house. Searching the area, the officer noticed a black male lying face down in a grassy area, holding a green plastic trash bag, surrounded by other police officers. The officer testified that he heard appellant state "Please don't shoot. I wasn't going to hurt anyone. I just need the money." Two other officers testified that this statement was made while one of them was trying to handcuff the appellant. Upon searching the green plastic trash bag, the officers found various items of clothing and a brief-

case containing money, a pistol, bullets and other items. Appellant was taken back to the savings and loan office where the two witnesses identified him as the robber despite appellant having changed clothing again. The elapsed time from robbery to identification was less than an hour. The cash found on the appellant contained all of the "bait money." Additionally, the appellant's fingerprints were found on and inside the pickup truck identified by other witnesses as the vehicle appellant was driving on his first visit to the savings and loan. Appellant did not testify.

█ Appellant asserts that the evidence the police officers obtained from the plastic trash bag should have been excluded as the fruit of an unlawful warrantless arrest and search. It is well established that a warrantless search is per se unreasonable subject only to a few well-defined exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Before a warrantless arrest or search can be condoned, the State must show the existence of probable cause at the time of arrest and the existence of circumstances which made the procuring of a warrant impractical. Probable cause for an arrest exists where the facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonable and prudent man in believing that a particular person has committed a crime. *Lewis v. State,* 598 S.W.2d 280 (Tex.Cr.App.1980); *Brown v. State,* 481 S.W.2d 106 (Tex.Cr. App.1972). There are two cases having similar facts to the case at bar where the Court of Criminal Appeals has found probable cause to arrest the defendant. In *Mabry v. State,* 492 S.W.2d 951 (Tex.Cr.App. 1978), a police officer was found to have probable cause to arrest where prior to arrest he was given a description of the suspect and his vehicle over the radio and a report by a witness who had seen a black man hitchhiking near a vehicle matching

---

1. The Savings-and-Loan manager testified that he did not see what type of vehicle appellant was driving on his second visit.

the description of the one the witness had heard was involved in the crime. Again in *Hooper v. State,* 516 S.W.2d 941 (Tex.Cr. App.1974), where officers had received a radio broadcast of a tall black man in dark clothing, the officers were held to be justified in stopping a car in which a black man in a dark coat was riding even though no vehicle description was given. In the instant case, prior to making his arrest, Officer Henderson received a detailed description of the suspect and his vehicle from the radio, a description matching the suspect of someone seen in the area of the suspect's abandoned vehicle from a civilian, and an incriminating statement from the appellant. Obviously, these facts are sufficient to hold that a reasonable and prudent man could believe that there was probable cause to make the warrantless arrest. Having probable cause to arrest appellant, the factual situation confronting the arresting officer clearly established that exigent circumstances existed requiring the officer to proceed with the arrest without a warrant.

Appellant's counsel places great weight on the change in appellant's clothing. He argues that, since the civilian was unsure of the clothing of the man he saw and since at arrest appellant was wearing different clothing than described in the radio broadcast, Officer Henderson was without sufficient facts and circumstances to have probable cause to arrest. This argument ignores the fact that the description of the subject's clothing, although important, is only one factor to consider in determining the existence of probable cause. *See Brown v. State,* 481 S.W.2d 106 (Tex.Cr.App.1972).

▮ Appellant also argues that the search of the green trash bag exceeded the scope of a search incident to arrest. His argument essentially is that a search incident to arrest cannot include enclosed items of personal property and that because appellant was handcuffed and under arrest the search was not incident to arrest. The Court in *Chimel v. California,* 395 U.S. 752, 762, 89 S.Ct. 2034, 2039, 23 L.Ed.2d 685

(1969), the current standard for a search incident to an arrest, found "ample justification ... for a search of the arrestee's person and the area *within his immediate control*" (emphasis added), that is, the area from within which the accused might gain possession of a weapon or destructible evidence. Here, the plastic bag containing the evidence was taken from underneath appellant's body and searched while appellant was struggling with a police officer. Thus, since the container or trash bag was within appellant's immediate control, the search could be upheld under *Chimel* because it was within an area from which the arrestee might gain possession of a weapon or destructible evidence. The fact that a container containing personal property was searched is immaterial. *See New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). *United States v. Chadwick,* 431 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), a case which required a warrant prior to a search of a locked footlocker at the federal building an hour and a half after the arrest, is not controlling. *Chadwick* is authority for the proposition that "once ... officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest." *Id.* at 15. This is not the situation presented here. The evidence clearly shows that the search was contemporaneous with the arrest [2] and that the police officer did not have "exclusive control" of the trash bag. *New York v. Belton, supra.*

Since we have found that there was probable cause to arrest appellant and that the search was a proper search incident to arrest, we overrule appellant's first ground of error.

▮ Appellant's second ground is that the trial court erred in failing to suppress oral incriminating statements made by the

---

**2.** Despite appellant's assertion to the contrary, the search began prior to appellant's even being handcuffed, let alone arrested. *See* Tex. Code Cr.P.Ann. art. 15.22 (1977).

appellant prior to his arrest because the statement was a result of an illegal arrest and search, an interrogation and physical abuse. We have already held that the arrest and search were lawful. As for the statement being a product of an interrogation, appellant stated, "Please don't shoot. I wasn't going to hurt anyone. I just need the money," in response to an officer's request to place his hands where they could be seen. The State argues the statement was not a product of an interrogation and therefore is admissible under the res gestae rule. This rule allows the admission of a spontaneous and voluntary statement made while the accused is excited or in the emotional grip of a shocking event. *Nastu v. State,* 589 S.W.2d 434 (Tex.Cr.App.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Scott v. State,* 564 S.W.2d 759 (Tex.Cr.App.1978); Tex.Code Cr.P.Ann. art. 38.22, § 5 (1979). Clearly, in the case at bar, appellant's statements were made spontaneously while excited—there was no interrogation. Thus, the statements were properly admitted as res gestae of the arrest. Appellant further complains that the statement was not voluntary but made under fear of death and after being physically abused by the arresting officers. The record does not reflect that unreasonable force was employed by the arresting officers, and the appellant's own testimony reveals that he was no longer in fear of his life when he made the statements. More importantly, the trial judge as sole trier of fact in the suppression hearing found that appellant's claim of duress and threats were not true. *Clark v. State,* 548 S.W.2d 888 (Tex.Cr.App.1977). Appellant's second ground is overruled.

■ Appellant argues in his third ground that the trial court erred in not sustaining appellant's motion for a mistrial. Appellant made his motion after one of the arresting officers gave his opinion, "I felt that this person was dangerous," when asked by the prosecutor about the methods used to restrain and handcuff the appellant. The trial court sustained the defense objection and instructed the jury to disregard this testimony for all purposes. We believe the testimony was not calculated to inflame the jury's minds, and since the trial court promptly sustained the defense counsel's objection and instructed the jury to disregard the testimony, the error was cured. *See Allen v. State,* 513 S.W.2d 556 (Tex.Cr. App.1974). Appellant's third ground is overruled.

■ Appellant's fourth ground involves evidence of prior convictions. A probation revocation hearing was held in Harris County in 1965. The order revoking appellant's probation was silent as to any named attorney being present to represent appellant. Appellant argues that it is therefore void according to *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and cannot be admitted into evidence at the trial's punishment stage. *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977) holds that where the revoking order was silent as to whether the defendant was represented by counsel the burden is on the appellant to show he was without counsel, was indigent and did not waive his right to counsel. *Accord Chancy v. State,* 614 S.W.2d 446 (Tex.Cr.App.1981). Here, appellant testified only that he did not remember having an attorney at the revocation hearing and did not remember waiving his right to one. Appellant failed to meet his burden of proof.[3] See *Martin v. State,* 492 S.W.2d 471

**3.** Parenthetically, it should be noted that, as appellant's able counsel has pointed out in his brief, this was not one of the appellant's prior convictions used for enhancement. Appellant had been twice convicted of burglary, and it was those convictions that the State used in the punishment stage of the trial. We reserve for a future decision whether a defendant having met the lack of counsel burden can still obtain a reversal of a 12.42(d) life sentence when the invalid conviction was not used for enhance-

ment. The cases appellant cites, *Ex parte Olvera,* 489 S.W.2d 586 (Tex.Cr.App.1973) and *Ex parte Flores,* 537 S.W.2d 458 (Tex.Cr.App.1976) are cases where the lack of counsel was assumed and the invalid conviction was before a jury assessing the full range of punishment. In these cases, it can easily be argued that reversible error occurred because the jury took the invalid conviction into consideration. Under Tex.Pen.Code Ann. § 12.42(d) (1974), the jury only determines whether both convictions are

(Tex.Cr.App.1973). We overrule ground four.

The final two grounds of error are based upon the argument that the defense has a right to inform the jury at the punishment stage of a habitual criminal trial of the automatic effect of the affirmative answers to the Tex.Pen.Code Ann. § 12.42(d) (1974) special issues. The Court of Criminal Appeals in *Thomas v. State,* 543 S.W.2d 645 (Tex.Cr.App.1976) has held that the defense has no right to inform the jury panel and the jury of the life sentence which is required to be imposed by the court after the jury's affirmative answers to the 12.42(d) issues. *Accord Knox v. State,* 400 S.W.2d 750 (Tex.Cr.App.1966) (decided under former Penal Code provision substantially the same as the present). Additionally, *Bevill v. State,* 573 S.W.2d 781 (Tex.Cr.App.1978) held it was reversible error for the trial judge to allow the prosecutor or the defense counsel to inform the jury of the result of finding both enhancement paragraphs true.[4] Since the trial court committed no error by refusing to allow the jury to be told of the result of their findings, appellant's fifth and sixth grounds of error are overruled.

Finding no reversible error, the judgment is affirmed.

final and whether the second previous conviction is for an offense occurring after the first previous conviction became final. If the jury finds this to be true, the judge imposes the statutory life sentence. Since the jury has no discretion under 12.42(d), any consideration of the invalid conviction would arguably be harmless.

**4.** It is interesting to observe that Judge Roberts also stated that

[w]here the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. Thus it is proper to inform the jury of the range of punishment applicable to an offense which is enhanced by *one* prior felony offense. (Emphasis added).
*Id.* at 783.