Jesse RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00069–CR.

Court of Appeals of Texas,
San Antonio.

May 4, 1983.

Rehearing Denied June 6, 1983.

Discretionary Review Refused
Sept. 21, 1983.

Richard R. Orsinger, San Antonio, for appellant.

Bill White, Dist. Atty., Susan Reed, Sam Ponder, Alan E. Battaglia, Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant was charged by indictment with the offense of burglary of a habitation and as a habitual offender in that he had been convicted of two prior felonies. The jury found appellant guilty of the offense as charged in the indictment and found that he had previously been convicted of two prior felonies. The court assessed his punishment at life imprisonment.

On the evening of January 30, 1978, the San Antonio Police Department received a report of a burglary in progress at 210 Nobhill. The responding officer was informed that there was a red car parked in front of the house with its motor running. Approaching the scene, the officer found such a car with no occupants and its motor running parked in front of 206 Nobhill, the house next door to 210. It was later determined the car belonged to appellant. Pro-

ceeding on to 210, the officer shined his spotlight on the front of the house and saw the wood slat screen door open with two people standing behind it, one of whom was backing out the door. As the officer approached the house, the appellant and his wife walked from behind the door and met him on the driveway. While another officer detained the two, the responding officer entered the house and discovered the screen door was held ajar by a microwave oven resting on the front threshold. The officer testified that due to the weight, it would take two people to carry the oven.

The house had been entered by jimmying the front lock, but the instrument of entry was never found. The locking security chain was broken off with a crowbar kept just inside the front door, but fingerprints were neither found on the bar, the microwave nor the door handle. The two suspects were not wearing gloves at the time of their arrest.

■ Appellant alleges in his first two grounds of error that the trial court erred in failing to instruct a verdict at the end of the State's case and that there was insufficient evidence to support the jury's verdict. We must determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and excluded every reasonable hypothesis other than guilt. *Girard v. State,* 631 S.W.2d 162, 163 (Tex.Cr.App.1982). Although the evidence is circumstantial, we find it sufficient to connect appellant with the burglary. *See Lawson v. State,* 160 Tex.Cr.R. 559, 273 S.W.2d 75 (Tex.Cr.App.1954) (defendant captured outside of building that had been burglarized).

The evidence is overwhelming that someone entered the house at 210 Nobhill with the intent to commit theft. The front door had been forced open, the complaining witness did not give permission for anyone to enter, the microwave was in the kitchen when she left home, and the microwave oven was found halfway out the door, thus indicating someone had to enter the house

for it to be halfway out the door. The principal question is whether appellant was the culprit.

Appellant's reliance on *Bledsoe v. State,* 578 S.W.2d 123 (Tex.Cr.App.1979), is misplaced because in that case there was no evidence of an entry, while in the case at bar it is clear that someone entered the home.

Appellant also quotes the following from *King v. State,* 396 S.W.2d 409 (Tex.Cr.App. 1965),

> Where circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction.

*Id.* at 410–411, and contends the rule is applicable to the case at bar. The other testimony appellant refers to is that of the next door neighbor who lived at 406 Nobhill and who told the responding police officers that appellant had first come to her house and asked for someone who did not live there. The officer testified at trial as to the conversation he had with the neighbor.

■ We find the rule of *King v. State, supra,* to be inapplicable herein. For it to apply, it must be shown that the testimony "would have cast *additional light* on the facts...." No such showing was made; the police officer testified to substantially what the neighbor said happened. Appellant's first two grounds of error are overruled.

■ Appellant complains in his third ground of error of the failure of the trial court to give a requested circumstantial evidence charge. Appellant's ground of error has been foreclosed by the Texas Court of Criminal Appeals in its recent decision in *Hankins v. State,* 646 S.W.2d 191, 198–99

(Tex.Cr.App.1983) (*en banc,* on motion for rehearing). Appellant's third ground of error is overruled.

■ The fourth and fifth grounds of error allege error in the trial court's submission of an instruction on the law of parties. Tex.Penal Code Ann. §§ 7.01, 7.02 (Vernon 1974). Based on *Todd v. State,* 601 S.W.2d 718, 721 (Tex.Cr.App.1980), any error that may have occurred, however, was harmless in that the trial court made appellant's guilt depend on a finding that he committed the offense "either acting alone or together with another as a person...." As the evidence of appellant's conduct alone was sufficient to sustain the conviction, no charge on parties was required. *McCuin v. State,* 505 S.W.2d 827 (Tex.Cr.App.1974). Appellant's fourth and fifth grounds of error are overruled.

Appellant's sixth ground of error asserts a defect in the indictment for failing to give the general locality in the county of the building that was allegedly entered as required by Tex.Code Crim.Proc.Ann. art. 21.09 (Vernon Supp.1982–83). The indictment in pertinent part, states,

> In the name and by authority of the State of Texas, the Grand Jury of Bexar County, State of Texas, duly organized, empaneled and sworn as such at the March term, A.D., 1978, of the 175th Judicial District Court of said County, in said Court, at said term, do present in and to said Court that *in the County and State aforesaid,* and anterior to the presentment of this indictment, and on or about the 30th day of January, A.D., 1978, Jesse Rodriguez did then and there, with the intent to commit theft, enter a habitation without the effective consent of Maxine Hall, the owner; ... [Emphasis added.]

Appellant's argument is that the indictment must allege more than the county where the offense occurred. We disagree. In the recent case of *Ward v. State,* 642 S.W.2d 782 (Tex.Cr.App.1982), it was stated,

> The seldom challenged and almost universal practice in preparing indictments and informations is to describe the place

where the criminal offense was committed by merely alleging that it was committed in a certain county. This Court in *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975), held that it is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where the offense is committed is not an element of the offense, and (3) the court in which the offense is tried has countywide jurisdiction. ... This rule has been applied where the defendant has filed a motion to quash asking for a more specific location than the county.

*Id.* at 783. The court then cited *Howard v. State,* 480 S.W.2d 191 (Tex.Cr.App.1972) for the application of this rule to "burglary with intent to commit theft."

■ We find the rule as set out in *Ward* to be applicable. The indictment alleged the offense occurred in Bexar County; this was sufficient. Appellant's sixth ground of error is overruled.

In ground of error number seven, appellant further asserts error in the indictment because it fails to allege a mental state as to the building that was entered being a habitation. He contends the indictment must allege that one had knowledge that the building was a habitation. We disagree.

■ The burglary statute, Tex.Penal Code Ann. § 30.02 (Vernon 1974), details three manners in which burglary may be committed. In a case where the offense arises under subsection (a)(1), the requisite mental state is that there be an intent to commit a theft or a felony. Contrary to appellant's contention, one need not knowingly or intentionally enter *for an offense* to occur under that section. *Martinez v. State,* 565 S.W.2d 70, 71 (Tex.Cr.App.1978). Likewise, the statute nowhere requires a mental state as to the building being a habitation. The form of the indictment used herein was approved in *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976), a

burglary of a habitation case. Appellant's seventh ground of error is overruled.

Appellant's remaining seven grounds of error deal with the punishment phase of the trial. The State first called a deputy from the identification section of the Bexar County Sheriff's office. The deputy brought the department's records on a Jesse Rodriguez. The fingerprint card in the records was introduced into evidence over a proper predicate objection. The deputy also orally testified from the "rap sheet" in the department's records over appellant's objections. A fingerprint expert then testified that appellant's prints matched those found in the sheriff's records and in the two pen packets from the Texas Department of Corrections. The pen packets reflected two prior convictions for burglary with intent to commit theft.

A Deputy County Clerk for Bexar County was called to the stand and brought the records in three misdemeanor cases allegedly involving appellant. Certified copies of the three judgments of conviction were introduced into evidence over appellant's objections. The State attempted to tie these convictions to appellant through the use of the case numbers found in the County Clerk's records and the case numbers on the sheriff department's fingerprint cards and rap sheets.

A burglary detective from the San Antonio Police Department testified to appellant's reputation in the community for being peaceable and law abiding. Appellant's request to take the witness on voir dire outside of the presence of the jury to determine what the officer based his testimony upon was overruled. Voir dire was permitted in the presence of the jury, during which the officer stated appellant's niece accused him of burglarizing her home. The officer's statement was an unresponsive answer to a question by appellant's counsel, and the jury was instructed to disregard the answer. Appellant's motion for a mistrial was denied.

The jury was charged on punishment and responded that appellant previously had been convicted of the offense of burglary with the intent to commit theft, a felony, and that the conviction was final prior to the commission of the offense at bar, and that after the first conviction for burglary became final, he committed the offense of burglary with intent to commit theft, a felony, and the conviction for the second offense was final prior to the commission of the offense at bar. As required by Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), the trial court assessed punishment at life imprisonment.

We have examined appellant's grounds of error, and although some have merit, any error that occurred was harmless. Once the jury returned a verdict of guilty as to the primary offense and determined that appellant was the same person who had committed two prior felonies as alleged in the enhancement paragraph, punishment was statutorily fixed at life imprisonment. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974); *Ex parte Scott,* 485 S.W.2d 921, 922 (Tex.Cr.App.1972). Evidence of other convictions, either misdemeanors or felonies, would have no bearing on the sentence, and thus any error that occurred in the introduction of them was harmless. *See Sims v. State,* 643 S.W.2d 465, 469 n. 3 (Tex.App.—Austin 1982, no pet.) (invalid conviction introduced but not used for enhancement). Appellant's eighth through fourteenth grounds of error are overruled.

The judgment of the trial court is affirmed.