**David Isador PORT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–191–CR.**

Court of Appeals of Texas, Austin.

Oct. 28, 1987.

Jack B. Zimmermann, Randall B. Clark, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before EARL W. SMITH,[*] GAMMAGE and ABOUSSIE, JJ.

## ORDER MODIFYING OPINION UPON PETITION FOR DISCRETIONARY REVIEW

ABOUSSIE, Justice.

Concurrent with the filing of its petition for discretionary review of this cause, the State filed a motion requesting this Court to reconsider its opinion in light of the opinion of the Court of Criminal Appeals in

[*] Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

*Briddle v. State*, —— S.W.2d —— No. 68,-990, Tex.Cr.App., September 23, 1987 (not yet reported). Tex.R.App.P.Ann. 101 (Supp.1987). At issue is the application of Tex. Code Cr.P.Ann. art. 38.22 § 3(c) (Supp. 1987), which authorizes the admission in evidence of an oral statement of the accused "which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused." In *Briddle*, the Court of Criminal Appeals rejected the notion, expressed in many of its previous opinions, that an oral statement, in order to be admissible under § 3(c), must lead to or result in the discovery of incriminating evidence. Noting that § 3(c) "places no limitation upon the manner in which the facts asserted are found to be true," the Court of Criminal Appeals held that the defendant's oral statement was admissible even though it did not lead police to recover new evidence. In *Briddle*, the accused described to police a shotgun and machete stolen from the deceased and used in the commission of the offense, and directed police to their location. The police already had recovered the shotgun hours earlier in the place described but did not locate the machete. Nevertheless, it was sufficient that this incriminating fact was independently corroborated by the victim's mother who was unaware of the oral statement, found the machete where the victim had stated it to be and turned over this physical evidence to police. Finding of the evidence under these facts established the reliability of the confession and rendered it admissible.

In our opinion on original submission, this Court held that Port's two oral statements at issue in this cause were not admissible under § 3(c) partly because they did not lead to or result in the discovery of incriminating evidence. 736 S.W.2d 865. In order to avoid misunderstanding, we hereby modify our opinion to eliminate the language disapproved in *Briddle*. However, because *Briddle* does not alter the

Tex.Gov't Code § 73.012 (Supp.1987).

basic principles relied on by this Court, the judgment remains unchanged.

The Court of Criminal Appeals in *Briddle* discusses several of its prior opinions, also cited here by the State, as well as a hypothetical example, in which each accused's oral statement was ruled admissible. In each example, the accused's oral statement provides information of *previously unknown* and *incriminating* evidence which was subject to being and was independently verified. The verification supports the truth of the assertion and establishes the reliability of the confession. The character of the true assertions connect the accused to the crime in a special and incriminating manner and thereby conduce to establish his guilt. *See, Briddle v. State, supra; McGilvery v. State*, 533 S.W.2d 24 (Tex.Cr.App.1976) (statement led to evidence in support of State's theory that two people committed offense); *Chase v. State*, 508 S.W.2d 605 (Tex.Cr.App.), *cert. denied*, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68 (1974) (statement explained significance of wall board found with body and utilized in commission of offense); *Ashley v. State*, 362 S.W.2d 847 (Tex.Cr.App.1962) (statement led to discovery that keys in defendant's purse were to victim's car); *Valtiero v. State*, 219 S.W.2d 73 (Tex.Cr.App.1949) (statement led to recovery of hat taken from victim during commission of offense).

■ It is not sufficient that the accused merely confess guilt or even identify and claim property which would establish his guilt, if true. *See, Scott v. State*, 564 S.W.2d 759 (Tex.Cr.App.1978) (statement "It's mine" when shown pistol ruled inadmissible); *Presswood v. State*, 548 S.W.2d 398 (Tex.Cr.App.1977) (statement "Both of them are mine" with respect to two baggies of marihuana ruled inadmissible); *Smith v. State*, 514 S.W.2d 749 (Tex.Cr.App.1974) (statements "It's mine" and "It's stuff" with respect to heroin ruled inadmissible).

■ Two requirements must be satisfied before an otherwise inadmissible oral statement may be admitted in evidence pursuant to art. 38.22 § 3(c). First, the oral statement must contain a fact or circumstance not then known to the police that is later found to be true.[1] Second, the fact or circumstance contained in the statement must conduce to establish the guilt of the accused. Under the facts established here, Port's oral statements did not meet the test of reliability and neither of his oral statements admitted in this cause satisfied both of these prerequisites for admission.

Before Port's arrest, the police knew that the victim had disappeared from this particular area near his home; that there were bloodstains in appellant's home; that his tennis shoe matched a bloody print in his garage and that there were bullet holes in the stairwell of his home. The police had been inside the home and from among six firearms found in appellant's room, the police removed as evidence only the one which showed indications that it had recently been fired, that being a .22 Ruger pistol. Appellant had been missing since the previous day, and a warrant was issued for his arrest.

When the police first saw appellant, a high speed chase in a residential neighborhood ensued before he was apprehended. At the time of Port's arrest, the police already suspected that he was guilty of murder, as evidenced by their first question to him, "Did you kill the female postal worker?" His affirmative response only confirmed what they already believed to be true. The State concedes that this questioning began one long continuous oral confession. As stated in its appellate brief, "Of course, the State has consistently taken the position that all of the appellant's statements were part of one continuous confession."

---

1. That the fact or circumstance must be one previously unknown to the authorities is implicit in the requirement that it be "found to be true," and has long been recognized. *See McGilvery v. State*, 533 S.W.2d 24, 26 (Tex.Cr.App. 1976); *Valtiero v. State*, 219 S.W.2d 73, 79 (Tex. Cr.App.1949); *Gifford v. State*, 630 S.W.2d 387, 390 (Tex.App.1982, no pet.). Even in *Briddle*, the fact that the police already had discovered the shotgun in the victim's car a few hours before his admission did not render the accused's statement admissible.

In his oral statement to police, appellant asserted many facts, some of which were found to be true and some of which were found to be false. By the fourth question to him, Port was making false assertions as to how and where the body had been hidden. He directed officers to a nearby bayou and described in detail the disposition of the body and his actions in connection therewith, all of which was later determined to be untrue, as the victim's body was located in a field many miles away. Many of Port's oral statements were clearly false and the information therein unreliable.

By the time Port was transported to the police station, he had asserted to police, among other facts, that the victim had gone upstairs in his home and that he had killed the victim by shooting her in the head with a .22 as she ran downstairs. The police already knew this information before Sauceda drove him to the police station.

■ The first oral statement admitted before the jury was made to Officer Sauceda as she was driving Port to the police station. In this statement, Port repeated what he had already told police. He again described the murder of the deceased and stated, among other things, that he shot the victim at least twice, "maybe on the head, I don't know." It is this statement upon which the State relies which would render Port's confession admissible under § 3(c). The State argues that this statement was admissible under § 3(c) because the police did not know when the statement was made that the victim had been shot twice in the head, and the victim's autopsy later revealed she had been shot twice in the head. The State's argument overlooks the second requirement for admission under § 3(c): the fact found to be true must conduce to establish appellant's guilt.

■ Under § 3(c), it is the character of the fact or circumstance asserted in the oral statement, not only the defendant's knowledge of the fact or circumstance, that must be incriminating. See, for example, McGilvery v. State, 533 S.W.2d 24 (Tex.Cr. App.1976), where the defendant made an oral statement that a second person had been involved in the offense, a fact not then known but later found to be true by the police. The opinion in McGilvery makes it clear that it was the incriminating nature of this fact, and not just the appellant's knowledge of this fact, that rendered the oral statement admissible.

If a person orally confesses that he shot victim A, that statement is inadmissible under § 3(c) even if the victim's body is indeed found and it is proven that the victim died from a gunshot. But the State would have us hold that if that person states that he may have shot the victim twice, that renders the confession admissible and provides the necessary reliability. In either event, the oral statement does not meet the criteria of the statute. Whether the defendant claims to have shot the victim once or several times is no more conducive to establish his guilt. The statement does not conduce to establish guilt but is merely an oral assertion of guilt. Otherwise, virtually all oral confessions would be admissible, because some stated detail may be capable of confirmation. Therefore, the statement was not admissible under § 3(c).

■ The second of appellant's oral statements admitted in this cause was made to Officer Sauceda after their arrival at the police station. Upon seeing the .22 pistol that had been given to the police by Port's father earlier that day, and which Sauceda had taken from the trunk of her police car, appellant replied to Sauceda's question as to whether he recognized the gun by stating, "that is the one I used to kill her." The State argues that this oral statement was admissible under § 3(c) because ballistics tests later confirmed that this pistol was the murder weapon. Here, the flaw in the State's argument is that the police already believed the pistol was the murder weapon before appellant made the statement, and ballistics tests would have proved the fact regardless.

The police knew that the pistol in question had been in appellant's possession because it had been taken from appellant's bedroom by his father. From its odor, the police knew the pistol had been recently fired. While several weapons were located

in appellant's room, only this one was taken by police as evidence. And from appellant's previous statements in response to their questioning, the police knew that appellant had asserted that he killed Debra Schatz in his home by shooting her in the head with a .22 pistol. Taken together, these facts clearly established the pistol's status as the murder weapon, and it is unreasonable to suggest that this was a fact unknown to the police at the time appellant identified the pistol at the police station. The subsequent ballistics tests would have been performed had appellant said nothing. The tests were performed and did confirm a fact already known by the police before the oral statement was given: that the deceased was shot with a recently fired .22 taken from Port's room.

Appellant's identification of the pistol at the police station did not contain an assertion of an *unknown fact* later found to be true. Nothing new was asserted by appellant which was not already known. Independent scientific tests confirmed, as in any shooting case, what the police investigation had revealed. Therefore, the statement was not admissible under § 3(c).

Logically, if a person knows intimate facts concerning a criminal transaction, whether or not those facts were previously known to the police, that knowledge is itself incriminating and tends to establish the reliability of the statement. However, the requirements for admission of an oral confession pursuant to § 3(c) are much stricter than this. The statute and the cases decided thereunder clearly require that the facts asserted be *unknown to the police* and that the *facts be incriminating.* However frustrating these limitations on the admissibility of oral confessions may be, this Court may not disregard them. Clearly, the legislature did not intend for every oral confession to be admissible. We have no quarrel with the premise set forth in *Briddle,* but we perceive a distinction with respect to the oral confessions in this cause, however subtle and difficult to articulate.

Our prior opinion in this cause is modified in accordance with this order. The Clerk shall certify a copy of this order and include it among the materials forwarded to the Court of Criminal Appeals.

GAMMAGE, Justice, dissenting.

I join in the granting of the State's motion to reconsider, but would affirm the trial court's judgment of conviction.

The majority errs when it concludes that it is the "incriminating nature of [the] fact, and not just the appellant's knowledge of [the] fact, that render[s] the oral statement admissible." The Court of Criminal Appeals clearly observed in *Briddle v. State,* No. 68,990, Tex.Cr.App., September 23, 1987 (not yet reported), that it was guilty knowledge of corroborated "facts asserted by the appellant [which] conduced to establish his guilt." It was the corroboration and not the independently incriminating nature of the facts which made his statement admissible in that case.

I would hold that David Port's assertion that "I know I hit her at least two times, maybe on the head," and his statement regarding the gun, that it was "the one I used to kill her," are admissible exceptions to the general prohibition on oral confessions under Tex.Code Cr.P.Ann. art. 38.22 § 3(c) (Supp.1987).

At the time Port made these statements the whereabouts of Debra Schatz was unknown to the police. Only the killer could have known whether she was dead, how she died, or where and how many times she had been shot. Only the killer could have known what instrument of death had been used to take the victim's life. When Port made these statements, the police could only *suspect* they were true. When the body of Debra Schatz was later found and a medical examination disclosed she died from two gunshot wounds to her head, and a ballistics test established that the gun identified by Port was the instrument of the crime, these discoveries "support[ed] the truth of the facts asserted by [Port] and conduce[d] to establish his guilt, and *establishe[d] the reliability of the confession which is the concern of the statute involved.*" *Briddle, supra.* (emphasis added). It is "the statements which conduce to

**792**

establish guilt, and which are found to be true," which are the focus of the exception under § 3(c). *Valtiero v. State,* 219 S.W.2d 73, 79 (Tex.Cr.App.1949).

Nowhere does the statutory language require that the "facts or circumstances that are found to be true and which conduce to establish the guilt of the accused," do so independent of the accused's statement. Indeed, it is the corroboration of the accused's own statement which damns him. The machete found under the automobile seat in *Briddle* had no significance to the police absent Briddle's statement that it had been used in the commission of the crime and then placed in the automobile. Its significance—and the only way in which it could "conduce to establish the guilt of the accused"—was in connection with Briddle's "statement which contain[ed] assertions of facts or circumstances that [were] found to be true."

Only when the fact or circumstance corroborated the accused's disclosure of guilty knowledge did the fact or circumstance conduce to establish the accused's guilt. David Port made assertions of facts and circumstances which were not within the knowledge of the police and which only the killer of Debra Schatz could have known at the time. When these facts and circumstances were found to be true they conduced to establish Port's guilt and his assertions became admissible under § 3(c).

The trial court's judgment of conviction should be affirmed; I dissent from its reversal and that part of the majority's order of modification confirming its reversal.