Affirmed and Memorandum Opinion filed April 24, 2007








Affirmed and Memorandum Opinion filed April 24, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01238-CR

____________

 

WILMA MUCKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1030046

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Wilma Mucker, appeals her conviction for
possession of a controlled substance, specifically cocaine weighing more than
four grams but less than two hundred grams.  Tex.
Health & Safety Code Ann. ' 481.115 (Vernon
2003).  In three issues, appellant argues the evidence is legally and factually
insufficient to support the verdict, and that the trial court erred when it
denied appellant=s motion to suppress. We affirm.








Factual and Procedural Background

In early June 2005, Officer David Bearden, of the Houston
Police Department=s narcotics division, received information
about appellant.  Officer Bearden conducted a controlled buy from appellant at
appellant=s residence and then obtained a search warrant for
that house.  The search warrant included a physical description of appellant
and appellant=s house, listed appellant=s address as 12317
Tasia, and described the location as the intersection of Tasia and Nicholas. 
Finally, the affidavit stated that an informant had recently purchased cocaine
from appellant at that residence.

On June 9, 2005 Officer Bearden and other officers from the
Houston Police Department executed the search warrant.  When the officers
entered the house, they found four people, including appellant, in the living
room.  Appellant was sitting on the floor next to a couch.  The officers
instructed appellant and the other people in the living room to lie face down
on the floor.  When appellant moved to comply, Officer Gerald Goines saw a 
plastic bag on the floor where appellant=s hand had
previously rested on the floor.  Officer Bearden subsequently recovered the
bag, which contained 15.84 grams of crack cocaine.  Appellant did not appear
surprised by the discovery of the cocaine.

The police took the people found in the residence outside
and proceeded to conduct a search of the residence.  While waiting outside,
appellant=s husband notified the police that additional
narcotics were inside the house.  Appellant=s husband directed
the police to a closet where additional cocaine was found.  He also gave police
a key that opened an armoire, where the police recovered $977 in cash.  A drug
dog later alerted on that money. 








After the search warrant was executed, it was discovered
that the actual address of appellant=s residence was
14807 Nicholas and that 12317 Tasia was the address of the house next to
appellant=s.  Appellant=s husband
testified at trial that he and his wife, the appellant, leased the residence
that the police searched.

After pleading not guilty, appellant was found guilty by a
jury.  Appellant=s conviction was enhanced by two prior
felony convictions and the trial court sentenced appellant to twenty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Tex. Pen. Code Ann. '12.42(d) (Vernon
2003).  This appeal followed.

Discussion

A.      The
Evidence is Legally Sufficient to Support Appellant=s Conviction

In her first issue, appellant argues the evidence is
legally insufficient to support her conviction as, in appellant=s view, the State
did not establish beyond a reasonable doubt that she ever possessed the crack
cocaine found on the floor.  We disagree.

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979); Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).













Intentionally or knowingly possessing a controlled
substance is an offense under the Texas Controlled Substances Act.  Tex. Health & Safety Code Ann. ' 481.115(a).  To
prove the offense of possession of a controlled substance, the State must show
that the accused (1) exercised actual care, custody, control, or management of
the controlled substance and (2) was conscious of her connection with the
controlled substance and knew what it was.  See id., ' 481.002(38)
(Vernon 2003); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995).  Possession may be proven by direct or circumstantial evidence that the
accused exercised care, control, or management over the substance knowing it
was contraband.  Brown, 911 S.W.2d at 747.  The State must affirmatively
link the accused and the contraband from the totality of the circumstances,
demonstrating the accused=s knowledge of and control over the
contraband.  Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App.
1995).  However, the State need not prove exclusive  possession of the
contraband for conviction.  Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.CHouston [1st
Dist.] 2002, pet. ref=d) (citing Harvey v. State, 487
S.W.2d 75, 77 (Tex. Crim. App. 1972)).  When the accused is not in exclusive
possession of the place where contraband is found, there must be additional
independent facts and circumstances which affirmatively link the accused to the
contraband in such a way that it can be concluded that the accused had
knowledge of the contraband and exercised control over it.  Id.  Texas
courts have identified many non-exhaustive factors that may help to show an
affirmative link to the contraband: (1) the contraband was in plain view, (2)
whether the contraband was conveniently accessible to the accused, (3) the
amount of contraband found, (4) whether the amount was large enough to indicate
the defendant knew of its existence, (5) the proximity of the defendant to the
contraband, (6) whether the contraband was found in a place owned by the
accused, (7) whether the contraband was found in an enclosed space, (8) whether
the defendant possessed a large sum of money at the time of arrest, and (9) any
conduct of the accused indicating consciousness of guilt.  See, e.g., Lewis
v. State, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984); Dshong v. State,
625 S.W.2d 327, 329 (Tex. Crim. App. 1981); Taylor v. State, 106 S.W.3d
827, 831 (Tex. App.CDallas 2003, no pet.); Hyett v. State,
58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, no pet.). 
There is no set formula of facts that necessitate a finding of an affirmative
link sufficient to support an inference of knowing possession.  Hyett,
58 S.W.3d at 830.  When examining the affirmative links, it is not the number
of factors present, but the logical force they have in establishing the
offense.  Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d).

In the present case, the cocaine was discovered on the
floor in appellant=s house, located where appellant had
recently rested her hand while sitting on the floor.  Moreover, cocaine had
recently been purchased from the appellant at the same location.  In addition,
appellant was not surprised when she learned the police had recovered cocaine
in her house.  Finally, a large amount of cash, as well as additional cocaine,
were found inside appellant=s residence.

When viewed in the light most favorable to the verdict, we
hold that a rational jury could have concluded from the evidence presented that
appellant was guilty beyond a reasonable doubt.  See Lewis, 664 S.W.2d
at 349 (holding the evidence was sufficient to support possession conviction,
in part, because contraband and paraphernalia were found on the same side of
the car seat where the accused was sitting); Porter v. State, 873
S.W.2d 729, 733 (Tex. App.CDallas 1994, pet. ref=d) (holding
evidence was sufficient to link the defendant to cocaine found in apartment
which was not under the defendant=s exclusive
control, where the defendant was found near the cocaine, which was in plain
view in the apartment resembling a typical crack house, there were four guns
and four people in the apartment, there was impeachment evidence that defendant
was involved in selling cocaine, and no one was seen entering or leaving
apartment immediately before the police officers entered).  Accordingly, the
evidence is legally sufficient to support the verdict.  We overrule appellant=s first issue.

B.      The
Evidence is Factually Sufficient to Support Appellant=s Conviction








For the same reasons she argued the evidence is legally
insufficient, in her second issue, appellant contends there is factually
insufficient evidence to sustain the jury=s verdict.  In a factual sufficiency review, we
consider all the evidence in a neutral light.  Prible v. State, 175
S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  The evidence may be factually
insufficient in two ways.  Id.  First, when considered by itself,
evidence supporting the verdict may be so weak the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id.  Our evaluation
should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony. Cain
v. State, 958 S.W.2d 404, 408B09 (Tex. Crim.
App. 1997).  Our
analysis must consider the evidence appellant claims is most important in
allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

Appellant
argues the evidence is factually insufficient to prove beyond a reasonable
doubt that appellant possessed the cocaine.  Appellant emphasizes the testimony of
the two police officers that they never saw appellant handle the cocaine and
that there were three people in addition to appellant in the room with the cocaine
at the time of the search.  Appellant also emphasizes that the State did not
attempt to fingerprint the bag that contained the crack cocaine. 

The jury is the sole judge of the facts, the credibility of
the witnesses, and the weight to be given the evidence.  Wyatt v. State,
23 S.W.3d 18, 30 (Tex. Crim. App. 2000); Beckham v. State, 29 S.W.3d
148, 151B52 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  In addition, the jury may believe or
disbelieve all or part of any witness=s testimony.  Jones,
984 S.W.2d at 258.  Reconciliation of any conflicts in the evidence falls
within the exclusive province of the jury.  Heiselbetz v. State, 906
S.W.2d 500, 504 (Tex. Crim. App. 1995).  A jury is free to believe any or all
of the testimony of the State=s witnesses.  Cole v. State, 194
S.W.3d 538, 551 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d).  The jury=s decision is not
manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.  Cain, 958 S.W.2d at 410.








We have reviewed the record for evidence supporting the
guilty verdict, including the evidence addressing possession of cocaine.  The
same facts that make the evidence legally sufficient also make it factually
sufficient.  Prible, 175 S.W.23d at 730B31.  This
evidence, set out in the Factual and Procedural Background section above, when
viewed in a neutral light and standing by itself, is not so weak that the
verdict is clearly wrong and manifestly unjust.  Id.  In addition,
having reviewed the entire record, we cannot say that the evidence contrary to
the verdict, including the evidence pointed out by appellant, is so
overwhelming that the beyond-a-reasonable-doubt standard of proof could not
have been met.  Id.  As the evidence is factually sufficient to support
appellant=s conviction, we overrule appellant=s second issue.

C.      Appellant
Waived Her Third Issue, That the Trial Court Erred When it Denied Appellant=s Motion to
Suppress

In its entirety, appellant=s third issue for
review is the following: AThe defense motion to suppress was denied
by the trial judge.  The search warrant contained the incorrect street name and
incorrect street address number.  The Court submitted, to the jury, an
instruction as required by Section 38.23 of the Texas Code of Criminal
Procedure.@  Appellant has presented nothing for review and
accordingly has waived this issue.








Within her discussion of this issue, appellant does not
complain about any alleged error or defect in the trial below.  Instead she
points out some of the evidence in the record demonstrating that the search
warrant had the incorrect address for appellant=s residence.  Appellant
then mentions her motion to suppress, which was denied by the trial court. 
Appellant also cites Article 38.23 of the Code of Criminal Procedure which
provides, in part, that A[n]o evidence obtained by an officer or
other person in violation of any provision of the Constitution or laws of the
State of Texas, or the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case.@  Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  That article further provides that A[i]n any case
where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.@  Id.  Appellant
then admits the trial court gave the instruction required by Article 38.23(a). 
In this third issue, appellant does not complain of any alleged error and makes
no argument.  Therefore, appellant has waived this issue.  See Tex. R. App. P. 38.1(h) (stating that a
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record).  We overrule appellant=s third issue.

Conclusion

Having overruled each of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 24, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).